IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED

04 SEP -3 PM 2: 16

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| ALVIN HUDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | |
| | ) | |
| U. S. SECURITY ASSOCIATES, INC. | ) | CV-04-P-2659-S |
| | ) | JURY DEMAND |
| Defendants. | ) | |
| | ) | COLLECTIVE ACTION |

COLLECTIVE ACTION COMPLAINT
FOR VIOLATION OF 29 U.S.C. §207(a)(1)

Plaintiff, by his undersigned attorneys, for his Collective Action Complaint against Defendant, allege upon information and belief, except as to the allegations that pertain to the named Plaintiff which is based upon knowledge, as follows:

1.    This is an action on behalf of all persons, who are past or current Supervisor employed by any or all U.S. Security Associates, Inc., locations in the United States of America and who are owed overtime compensation from U.S. Security Associates, Inc. for the period beginning three years prior to the filing of this Collective Action Complaint until the present. During this period, by virtue of U.S. Security Associates, Inc.'s failure to pay overtime to the Plaintiff and to all other Supervisors employed by U.S. Security Associates, Inc., Defendant has violated and is continuing to violate the provisions of the

Fair Labor Standards Act of 1938, 29 U.S.C. §201 *et seq*.
("FLSA").

## JURISDICTION AND VENUE

2.    Jurisdiction of this Court is founded in Section 216(b) of the FLSA and Sections 1331 and 1367 of Title 28 of the United States Judicial Code, 28 U.S.C. 1331, 1367.

3.    The claim herein arises under Sections 207(a)(1), 215 and 216 of the FLSA.  In connection with the acts and course of conduct alleged in this Collective Action Complaint, the Plaintiff is engaged in commerce or in the production of goods for commerce.

4.    Venue is proper in this District under Section 1391 of Title 28 of the United States Judicial Code because a substantial part of the acts and conduct charged herein occurred in this District.

## THE PARTIES

5.    Plaintiff, Alvin Hudson, is a citizen and resident of Jefferson County, Alabama.  Hudson was a Supervisor employed by U.S. Security Associates, Inc. within the meaning of the FLSA, within the past three years.

6.    Defendant, U.S. Security Associates, Inc. (hereinafter "U.S. Security"), is a Delaware corporation with its principal place of business in Atlanta, Georgia.  U.S. Security does business in thirty-one states, including Alabama, with over

ninety-one locations.  U.S. Security is an employer within the
meaning of the FLSA.

**PLAINTIFF'S COLLECTIVE ACTION ALLEGATIONS**

7.    The named Plaintiff brings this action as a col-
lective action pursuant to Section 216(b) of the FLSA on behalf
of himself and all other Supervisors employed by U.S. Security in
the United States of America.  The named Plaintiff and the
Supervisors whom the named Plaintiff represents have been
victimized by a pattern or policy which is in violation of the
FLSA.

8.    In addition to the requirements of Section 216(b)
of the FLSA, some courts have suggested that the requirements set
forth in Rule 23(a) of the Federal Rules of Civil Procedure also
be met despite the fact that a collective action under Section
216(b) is not a "traditional" class action.  To that end, the
Plaintiff asserts as follows:

(a)   Potential members of the "class" are so
numerous that joinder of all class members is impracticable.
Proceeding as a collective action is a more expeditious
method in this matter.  It is estimated that the "class"
consists of approximately twenty-six (2,600)clients.

(b)   The named Plaintiff will fairly and ade-
quately protect the interests of the members of the "class"
as there is no antagonism of interests between the named

-3-

Plaintiff and the conduct which is alleged on behalf of the "class" as a whole.  Furthermore, the named Plaintiff has retained counsel competent and experienced in class actions and complex litigation.

(c)   The named Plaintiff's claim is typical of the claims of the members of the "class" as the named Plaintiff and members of the "class" sustained damages arising out of the same wrongful conduct by the Defendant.

(d)   Defendant engaged in a pattern or practice which was in violation of the FLSA.  This pattern or practice is common to all members of the "class".  Although the issue of damages may be individual in character, there is no detraction from the common nucleus of facts which the liability issues raise.

(e)   Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a collective action.

## FACTUAL ALLEGATIONS

9.   The Plaintiff, Alvin Hudson, was a Supervisor employed and designated by U.S. Security as a full-time Supervisor.  At all relevant times, Hudson performed the job functions and duties of a Supervisor with U.S. Security.

10.  Plaintiff, Alvin Hudson, is paid on an hourly basis as a Supervisor with U.S. Security.  At all relevant times,

-4-

Hudson was paid an hourly rate, which was ten dollars and fifty cents (10.50) an hour.  In all respects, he is treated as, and, in fact, was an hourly employee.

      11.  As a Supervisor with U.S. Security, Hudson was required to work in excess of forty (40) hours a week.

      12.  For hours worked in excess of forty hours during a single work week, the Defendant, U.S. Security, failed to pay the Plaintiff one and one-half times his normal hourly rate as required by the FLSA.  On numerous occasions, Hudson was required to work in excess of forty hours during a single week for which he did not receive overtime compensation as mandated by the FLSA.

      13.  These illegal and wrongful patterns or practices on the part of U.S. Security with regard to overtime compensation for Supervisors was, and is, in violation of the FLSA and was carried out by U.S. Security through a system of locations ad managers to whom Plaintiff and all other Supervisors reported, directly or indirectly.  These managers knowingly, wilfully or with reckless disregard, carried out U.S. Security's illegal, wrongful pattern or practice regarding overtime compensation for Supervisors.

      14.  There are numerous Supervisors, who are no longer employed with U.S. Security who worked in excess of forty hours per week, none of whom were paid overtime compensation in compliance with FLSA.

15.  Upon information and belief, all other Supervisors employed by U.S. Security are subjected to the same wrongful practices and procedures.

16.  At all times relevant to this Complaint, the Plaintiff was a non-exempt employee for purposes of overtime compensation.

## FIRST CLAIM FOR RELIEF

### (FLSA, 29 U.S.C. §§207,216(b))

17.  Plaintiff incorporates herein by reference all of the allegations contained in paragraphs one through sixteen.

18.  Defendant's practice of failing to pay overtime compensation as mandated by the FLSA for all work in excess of forty (40) hours to non-exempt employees was, and is, in violation of the FLSA.

19.  Plaintiff and all Supervisors presently employed by U.S. Security are entitled to an award of their unpaid overtime compensation (at the rate of one and one-half times their regular pay) for the time period commencing two years prior to the filing of this Collective Action Complaint to the date of any final award of such unpaid overtime compensation.  All Supervisors previously employed by U.S. Security in the United States are entitled to an award of their unpaid overtime compensation (at the rate of one and one-half times their regular

-6-

pay) for the time period commencing two years prior to the filing of this Collective Action Complaint.

20.   Additionally, Plaintiff and all Supervisors presently employed or employed in the past by U.S. Security are entitled to an award of liquidated damages under the FLSA in an amount equal to the amount of unpaid overtime compensation (as set forth in paragraph 19), as well as prejudgment interest, attorneys' fees and costs, all to be determined at the trial.

WHEREFORE, Plaintiff prays for judgment against the Defendant for himself and for all Supervisors similarly situated for unpaid overtime for the two years prior to the filing of this Collective Action Complaint, or for two years prior to the filing of this Complaint to the date of any final award made to them, as the case may be, plus prejudgment interest, compensatory damages, liquidated damages, attorneys' fees, and such other further relief as the Court may deem just and proper.

## SECOND CLAIM FOR RELIEF

### (Willful Violation of FLSA, 29 U.S.C. §§207, 216(b))

21.   Plaintiff incorporates herein by reference all of the allegations contained in paragraphs one through twenty.

22.   Defendant's practice of failing to pay overtime compensation as mandated by the FLSA for all or some work in excess of forty hours to non-exempt Supervisors employed by U.S. Security was and is in violation of the FLSA.

-7-

23.   Defendant's violations of the FLSA were and are
being done wilfully.   Defendant either knew or showed reckless
disregard as to whether its conduct was prohibited by the FLSA.

24.   Plaintiff and all Supervisors presently employed by
U.S. Security are entitled to an award of their unpaid overtime
compensation (at the rate of one and one-half times their regular
pay) for the time period commencing three years prior to the
filing of this Collective Action Complaint to the date of any
final award of such unpaid overtime compensation.   All
Supervisors previously employed by U.S. Security are entitled to
an award of their unpaid overtime compensation (at the rate of
one and one-half times their regular pay) for the time period
commencing three years prior to the filing of this Collective
Action Complaint.

25.   Additionally, Plaintiff and all Supervisors simi-
larly situated are entitled to an award of liquidated damages
under the FLSA in an amount equal to the amount of unpaid over-
time compensation (as set forth in paragraph 24) as well as pre-
judgment interest, attorneys' fees and costs, all to be deter-
mined at the trial.

WHEREFORE, Plaintiff prays for judgment against the
Defendant for themselves and for all Supervisors similarly
situated for unpaid overtime for the three years prior to the
filing of the Collective Action Complaint, or for three years

prior to the filing of the Complaint to the date of any final award made to them, as the case may be, prejudgment interest, compensatory damages, liquidated damages, attorneys' fees and for such further relief as the Court may deem just and proper.


Kirby D. Farris (FAR-030)
Attorney for Plaintiff
FARRIS, RILEY & PITT, L.L.P.
Suite 200, Massey Building
2025 Third Avenue North
Birmingham, Alabama  35203
(205) 324-1212


Kenneth E. Riley
Attorney for Plaintiff
FARRIS, RILEY & PITT, L.L.P.
Suite 200, Massey Building
2025 Third Avenue North
Birmingham, Alabama  35203
(205) 324-1212


## JURY DEMAND

The plaintiffs hereby demand a jury for the trial of this cause.


Kirby D. Farris

-9-

<u>Serve Defendant</u>:

U.S. Security Associates, Inc.                    (Certified Mail)
The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109